UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIE BRYANT, III; DESMOND CARTER; RODNEY MORTON, and SHEILA TYLER,<br>   Plaintiffs,<br><br> vs.<br><br>FEDERAL EXPRESS CORPORATION,<br>and DOES 1-100,<br>   Defendants. | 1:04-cv-1426-LJM-VSS |

## ORDER

This matter pends on Defendant's, Federal Express Corporation ("FedEx"), Motion for Summary Judgment As to Sheila L. Tyler. FedEx urges that summary judgment is appropriate. On August 31, 2004, Plaintiff Sheila Tyler ("Tyler") filed the instant suit against FedEx alleging discrimination because of her race. Tyler previously filed a law suit in June of 2003 against Defendant FedEx in the Northern District of California alleging discrimination on the basis of her race. That law suit was dismissed without prejudice by stipulation in November of 2003.

On June 26, 2004, prior to the filing of this suit, Tyler signed a Chapter 7 bankruptcy petition in the Southern District of Indiana and swore under oath that she was not and had not been a party to a law suit or a proceeding within the previous year, thus failing to disclose the California case as required. She filed her bankruptcy petition in this district on July 2, 2004. The bankruptcy trustee issued a report of no distribution and a statement of abandonment of property on July 30, 2004. On September 2, 2004, the United States Bankruptcy Court for the Southern District of Indiana issued an order in a no asset case and ordered the abandonment of Tyler's scheduled property. Thus the Chapter 7 case was closed without any disclosure to the Bankruptcy Court of the California case or the Indiana case.

FedEx's first argument is that this Court should grant its motion because of Tyler's lack of truthfulness with the bankruptcy court. FedEx asserts further that the real party in interest is the bankruptcy trustee because, upon her filing of the Chapter 7 petition, Tyler's cause of action was the property of her bankrupt estate. FedEx urges that even though there was an order issued in the bankruptcy court abandoning all her claims, the fact that she did not report this claim to the Court renders the order ineffective. FedEx concludes that this cause of action still belongs to the bankruptcy trustee and cannot now be brought by Ms. Tyler.

In her response to the Motion for Summary Judgment, Tyler swears in her affidavit that she was not aware that this law suit had been filed in Indiana until January 2005. She further states that she told her Indiana bankruptcy lawyer about the California case and that she had been advised that she had provided all the necessary information to the bankruptcy court. She points to the *errata* sheet attached to her deposition which she signed on April 4, 2005, in which she changed line 5 of page 187 from "Yes, I was aware of it" to "No, I wasn't aware of it." She alleges that the reason for the change was that "I was not aware of it at the time of the deposition." The answer is in response to the question at line 24 page 186 which asked, "Were you aware on or about August 31, 2004, that complaint filed on your behalf sought the damages described in paragraph 1 on page 28?"

The fact remains that at page 185 line 22 of the same deposition, the question is asked: "Were you aware on or about August 31, 2004, that your attorney had filed what's been marked as Exhibit 16 with the Federal District Court in the Southern District of Indiana?" She responded in line 2 of page 186, "Yes." She has not attempted to change that testimony. It is very clear from the context of the question in the deposition that she is acknowledging that she was aware that the instant case had been filed.

2

It is interesting to note that the deposition was taken on March 9, 2005, the Motion for Summary Judgment in this case was filed on March 31, 2005, a Motion to Extend the time for the filing of a response to the Summary Judgment was granted April 18, 2005, and the change in testimony was offered in the *errata* sheet on April 22, 2005. In the *errata* sheet she does not deny that she said she was aware of the suit at the time it was filed. She simply offers conflicting testimony that she was not aware of the suit at the time it was filed.

The record is clear that the instant case was filed prior to the issuance of the final discharge in bankruptcy. The record is equally clear that Tyler had the obligation to inform the bankruptcy trustee of the pendency of her claim against FedEx and the filing of the law suit. The only question is whether Tyler was aware of the filing of the suit. All the evidence points to the conclusion that she was aware of the suit. She clearly and unequivocally assured counsel at her deposition that she was aware of the filing of this suit. While she changed her testimony on the *errata* sheet in one place she failed to change it in other places. The timing of her change of testimony must be noted. Her testimony changed only after the Summary Judgment Motion was filed.

FedEx, for its second argument, asks this Court to find against Tyler by applying the doctrine of judicial estoppel. It is FedEx's position that judicial estoppel prohibits the assertion of this civil rights claim because the assertion of the claim in this suit is inconsistent with her position in the bankruptcy case in which she denied having the claim she now asserts.

In support of her position, Plaintiff Tyler cites a case from the Northern District of Illinois, *Cannon-Stokes v. Potter*, 2004 WL 407014 (N.D.ILL). The facts in *Cannon-Stokes* are similar to those in the instant case. Therein Cannon-Stokes had filed a petition in bankruptcy while the EEOC administrative proceeding was pending. She, too, failed to disclose to the bankruptcy trustee or the

3

court her pending administrative claim for employment discrimination. She, too, signed the petition denying that she had any outstanding claims under oath. The bankruptcy trustee then granted her a complete discharge of her unsecured debts. Potter then moved to dismiss her claims arguing that her complaint failed to state a claim because judicial estoppel barred her claim. Potter asserted, as FedEx has asserted in the instant case, that because Cannon-Stokes was relieved of the obligation to pay her debts but never disclosed either the EEOC pending claim or the possibility that she might file a federal suit against her employer, the doctrine of judicial estoppel must apply.

The court in *Cannon-Stokes* wisely denied the motion to dismiss and ordered that the bankruptcy trustee be notified of the decision in order to give the bankruptcy court the opportunity to reopen the bankrupt estate and administer the matter in a different way. This Court will order the same in this case. The Court now orders that Tyler, through her attorney, notify the Bankruptcy Court of the Southern District of Indiana of the need to reopen her bankruptcy case to allow the bankruptcy trustee an opportunity to determine whether the trustee wants to pursue this case as an asset.

IT IS SO ORDERED this 9th day of August, 2005.


                                        LARRY J. McKINNEY, CHIEF JUDGE
                                        United States District Court
                                        Southern District of Indiana

Distribution attached.

Distributed electronically to:

Michael S. Davis
msdlegal@comcast.net

Frederick Douglas
FEDERAL EXPRESS CORPORATION
3620 Hacks Cross Road
Building B, 2nd Floor
Memphis, TN 38125

Kimberly Denise Jeselskis
MACEY SWANSON AND ALLMAN
kjeselskis@maceylaw.com

Barry A. Macey
MACEY SWANSON AND ALLMAN
bmacey@maceylaw.com

Pamela A. Paige
STEWART & IRWIN
ppaige@silegal.com

Christopher James Yost
FEDERAL EXPRESS CORPORATION
cjyost@fedex.com